IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| LARRY A. FALK | | PLAINTIFF |
| v. | Civil No. 5:17-cv-05248 | |
| MOTEL 6 CORPORATION | | DEFENDANT |

## OPINION AND ORDER

Plaintiff filed a Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* (ECF No. 2) on November 30, 2017. In the area of the Complaint where Plaintiff was asked to list the basis for jurisdiction, he wrote "not known." Prior to ordering service of process, the Court must first determine if it has jurisdiction over this case.

### I. BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Plaintiff stayed the night on April 5, 2017, at the "Motel 6 at Santa Rosa HM #0273." Plaintiff left early the following morning with his belongings. At noon, after having driven for miles, Plaintiff stopped to take his prescription medication. At that time, he noticed a "tube" in which he had forty-three one hundred dollar bills was missing.

Plaintiff returned to the hotel to reclaim his money. He was told that the hotel knew nothing about it. As relief, Plaintiff asks that his money be returned to him; he be compensated for the stress he suffered; and he be awarded interest from the date of the loss.

## II. DISCUSSION

Review of Plaintiff's IFP application indicates the Plaintiff does qualify financially for IFP status. However, for the reasons discussed below, the Court determines it does not have jurisdiction over this case.

Federal courts are courts of limited jurisdiction. *See, e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*. *Dieser v. Continental Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

There is no basis for federal question jurisdiction. Plaintiff does not allege that his federal constitutional or statutory rights were violated in any way.

The other possible basis of subject matter jurisdiction is diversity of citizenship. To establish diversity of citizenship, two requirements must be met: (1) the parties must be citizens of different states; and (2) the amount in controversy must exceed $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). Plaintiff indicates he is a citizen of

Arkansas and that Motel 6 is incorporated in Texas and has its principal place of business in Texas. The parties therefore appear to be of diverse citizenship.

With respect to the amount in controversy, Plaintiff left behind in his hotel room $4,300. He has named as the Defendant the hotel in which he stayed. The only possible civil remedy available would appear to be conversion.[1] In addition to seeking return of the money, Plaintiff seeks damages in an unspecified amount for "stress."

"[T]he federal courts have developed a principle that if the defendant (or the district judge) challenges the satisfaction of the jurisdictional amount requirement it will succeed only if it is shown that there is a legal certainty that the amount in controversy cannot be recovered." 14AA Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3702 (4th ed. 2017). In this case, in order to reach the jurisdictional amount, Plaintiff would have to establish that the total amount in controversy exceeds $75,000. In assessing the amount in controversy, the court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent" that the jurisdictional amount is in controversy. *Roe v.*

---

[1] The Court recognizes there is a choice of law question. However, it is unnecessary to resolve that issue at this stage. Both Arkansas and Texas recognize a cause of action for conversion. *Orr Inc. v. Hood*, No. CA 99-868, 2000 W.L. 1349, *2-3 (Ark. Ct. App. Sept. 20, 2000)(finding that conversion is the exercise of dominion and control over property in violation of the rights of the owner, and the measure of damages is generally the value of the property at the time and place of conversion); *Wells Fargo Bank Northwest, N.A., v. RPX Capital XVI, L.L.C.*, 360 S.W. 3d 691, 706 (Tex. App. 2012)(finding that the usual measure of damages for conversion is the fair market value of the property at the time and place of diversion; and alternatively, the claimant may seek return of the property along with damages for loss of use). The tort of intentional infliction of emotional distress is inapplicable in this case. Both Arkansas and Texas require conduct entailing a high level of culpability and conduct that is extreme and outrageous. *See, e.g., Family Dollar Trucking, Inc. v. Huff*, 474 S.W.3d 100, 107 (Ark. Ct. App. 2015); *Hardin v. Obstetrical and Gynecological Assocs., P.A.*, 527 S.W.3d 424, 436 (Tex. App. 2017)

*Michelin North America, Inc.*, 613 F.3d 1058, 1062-63 (11th Cir. 2010)(internal quotations and citations omitted). As a matter of law, the Court concludes the jurisdictional amount could not be recovered on the facts alleged in this case.

### III. CONCLUSION

The Court finds that it lacks subject matter jurisdiction over this case. The case is therefore **DISMISSED WITHOUT PREJUICIDE.**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (IFP)(ECF No. 2) is **DENIED.** The Court further finds that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED** on this 6th day of December 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE